UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of<br><br>ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, as owner of the vessel "2017 Sea Ray – SDX, 220 Outboard"<br><br>For Exoneration from or Limitation of Liability | No. 2:25-cv-01112-DJC-JDP<br><br>**ORDER** |

      Plaintiff-in-Limitation Aramark Sports and Entertainment Services, LLC brought this admiralty action pursuant to the Shipowners Limitation of Liability Act.  *See* 46 U.S.C. § 30501 *et seq*.  Presently before the Court Plaintiff-in-Limitation's Application for Issuance of Monition and Injunction pursuant to that act and Supplemental Rule F of the Federal Rules of Civil Procedure.  (Mot. (ECF No. 2).)

      The Limitation of Liability Act permits the owner of a vessel to bring an action in federal court to "limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001).  The owner may ask the court to issue an order directing the issuance of a monition to anyone asserting claims against the Plaintiff-in-Limitation based on the incident at issue and enjoining prosecution of those claims except within the limitation action.  When an owner

1

1  initiates an action under the Act, they must provide security for the benefits of any
2  claimants in the value of the owner's interest in the vessel.  46 U.S.C. § 30529(b)(1);
3  *see* Fed. R. Civ. P. Supp. R. F(1).
4       While traditionally, security is provided by depositing funds with the Court or
5  transferring the owner's interest in the vessel, courts generally also approve the usage
6  of an "*ad interim* stipulation of value" in lieu of traditional securities.  *See Hartford Acc.*
7  *& Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927); *see also In re*
8  *Aloha Jetski, LLC*, 920 F. Supp. 2d 1143, 1145 (D. Haw. 2013).  Such a stipulation is
9  normally accompanied by a "letter of undertaking" from an insurer through which the
10 insurer agrees to assume any liability for the owner of the vessel up to the stipulated
11 full value of the vessel.  *See In re Oceansound Inv.*, 705 F. Supp. 3d 1110, 1116–17
12 (S.D. Cal. 2023) (accepting an amended *ad interim* stipulation with accompanying
13 letter of undertaking where previous application lacked letters of undertaking
14 covering the full value of the vessel); *see also In re Star & Crescent Boat Co.*, No. 3:21-
15 cv-00169-BEN-JLB, 2021 WL 1526601, at *14 (S.D. Cal. Apr. 19, 2021) ("Courts have
16 held that such a stipulation coupled with a letter of undertaking qualifies as sufficient
17 security." (citing *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294 n.4 (9th Cir.
18 1997))).
19      Plaintiff-in-Limitation's Application is not presently supported by a letter of
20 undertaking.  Plaintiff-in-Limitation instead only suggests that "upon demand" they
21 can file a "bond or letter of undertaking" with the Court.  The Court finds that absent
22 the filing of an adequate letter of undertaking, Plaintiff-in-Limitation *ad interim*
23 stipulation is not a sufficient security as it lacks the backing of insurance to over the
24 vessel's potential liabilities.  *See In re Star & Crescent Boat Co.*, 2021 WL 1526601, at
25 *14.  As such, Plaintiff-in-Limitation's Motion for Issuance of Monition and Injunction
26 must be denied as presently on the basis that Plaintiff-in-Limitation has not provided
27 sufficient security under Rule F(1).  Plaintiff-in-Limitation may renew their Motion if an
28 accompanying letter of undertaking is provided.

Additionally, the asserted value of the vessel in question lacks any meaningful support.  Plaintiff-in-Limitation asserts the value of the vessel is $31,432.00 based solely on a declaration provided by Plaintiff-in-Limitation's Marina Supervisor, Eric Sambrano.  (Sambrano Decl. (ECF No. 1-3).)  Sambrano's declaration states that "My colleagues and I have searched publicly available databases which provide estimated fair market value for boats, including those of the same year and model as the Vessel[,]" and that based on those searches "I therefore estimate that at the end of the subject voyage on August 10, 2024, the value of the Vessel was [$31,432.00]."  (Sambrano Decl. ¶¶ 7–8.)

In a limitation action, the plaintiff-in-limitation's complaint must provide the value of the vessel at the time of the voyage in question.  *See* Fed. R. Civ. P. Supp. R. F(2).  Some support for the asserted value is provided such as a declaration from an accredited marine surveyor or some other authenticated valuation of the vessel.  *See, e.g., In re Star & Crescent Boat Co.*, 2021 WL 1526601, at *14; *In re Or. Sealark, LLC*, No. 19-cv-04305-DMR, 2019 WL 553893, at *2 (N.D. Cal. Oct. 28, 2019); *see also* 3 Benedict on Admiralty § 12.A (2010) ("The valuation provided by a recent valuation survey, or comparable recent sales of similar vessels may be the basis for such a valuation. If the vessel owner does not have such documentation readily available, then the services of a recognized appraiser of vessels should be sought.")  This is not to say that a plaintiff-in-limitation <u>must</u> obtain an appraisal at the complaint stage.  In some cases, courts have accepted the declarations from the plaintiff-in-limitation or their employees as to the value of the vessel based on their experience and a review of sales of similar vessels as sufficient.  *See In re Oceansound Inv.*, 705 F. Supp. 3d at 1117.  But in such cases, the declarant established that had sufficient experience and knowledge to perform such a valuation and the declarant was requested to perform a valuation by the insurance company.  *In re Oceansound Inv.*, No. 23-cv-01745-TWR-BLM (ECF No. 1-4).

////

3

Here, the declaration lacks any such information. It is unclear who even participated in the determination of the valuation as Sambrano references research performed by himself and his "colleagues". (Sambrano Decl. ¶ 7.) The declaration provides no information as to his or his colleagues qualifications to properly value the vessel or an explanation for how such a specific valuation ($31,432.00) was determined. Given that Plaintiff-in-Limitation seeks to proceed on a stipulation as to the value without traditional security, the Court directs Plaintiff-in-Limitation to submit additional support for the valuation provided.[1]

Finally, the Court is concerned by paragraph 3 of the *ad interim* stipulation which states that on the filing of a letter of undertaking that the stipulation "shall become immediately void and the undersigned shall have no further obligations under [the stipulation], whatsoever[.]" (ECF No. 3 ¶ 3.) As noted above, courts typically required an *ad interim* stipulation and letter of undertaking to be filed concurrently. *See In re Oceansound Inv.*, 705 F. Supp. 3d at 1116 ("When presented together with a letter of undertaking, courts have found such a stipulation provides sufficient security."). The function of an *ad interim* stipulation is to serve as the security and the letter of undertaking provides the necessary backing for the stipulation to be accepted as a security. *See In re Star & Crescent Boat Co.*, 2021 WL 1526601, at *14. It is unclear to the Court if this purpose is served and if the stipulation provides an adequate security if the stipulation becomes completely void on filing of a letter of undertaking.

Accordingly, IT IS HEREBY ORDERED that Plaintiff-in-Limitation's Motion for Issuance of Monition and Injunction (ECF No. 2) is DENIED without prejudice. Within fourteen days of this order, Plaintiff-in-Limitation shall file a renewed motion that

////

---

[1] Again, the Court reinforces that this does not necessarily require that Plaintiff-in-Limitation seek a formal appraisal – though this would certainly be sufficient to support the asserted valuation. Rule F(7) provides for a means through which a claimant can contest the valuation and seek a court-ordered appraisal should they believe the value of the vessel is higher than represented.

addresses the issues noted above and is accompanied by a declaration that provides sufficient basis for the asserted valuation of the vessel.

IT IS SO ORDERED.

Dated: **April 23, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

5